UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY LEONARD GONZALEZ,<br><br>            Plaintiff,<br><br>    vs.<br><br>SHERIFF MIMS, et al.,<br><br>            Defendants. | 1:13-cv-02018-GSA-PC<br><br>ORDER DISMISSING COMPLAINT AND GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT<br><br><br>AMENDED COMPLAINT DUE IN THIRTY DAYS |

**I.      Screening Requirement**

Plaintiff is a Fresno County Jail inmate proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been

1

paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. <u>Swierkewicz v. Sorema N.A.</u>, 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R.Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512. However, "the liberal pleading standard . . . . applies only to a plaintiff's factual allegations." <u>Nietze v. Williams</u>, 490 U.S. 319, 330 n. 9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257 (9th Cir. 1997)(quoting <u>Ivey v.Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     **Plaintiff's Claims**

Plaintiff, an inmate in the Fresno County Jail, brings this civil rights action against the Fresno County Sheriff, the Fresno County Jail and "Fresno County Jail Medical Staff." Plaintiff claims that he was subjected to inadequate medical care.

Plaintiff alleges that he was involved in a physical altercation on December 30, 2012. As a result, Plaintiff suffered injuries to his hand and arm. Plaintiff notified officer of his injuries and was taken to the medical clinic. Plaintiff alleges that "the doctor was not in so basically my injury was just logged in with no treatment or medication." On January 2, 2013, staff from Community Medical Center took an x-ray of Plaintiff's hand at the jail. Plaintiff alleges that "days later," he was seen by a doctor and was told that he had "several fractures" and that he would be transported to an outside hospital. Plaintiff alleges that he was put into a splint "with improper shape" that caused more pain. On January 21, 2013, Plaintiff was taken to Community Medical Center for treatment. An orthopedic physician attempted to re-break

Plaintiff's hand in order to re-set it, "because I was not seen when the break first happened that my hand had already set in place improperly (deformed)."

### A.     Supervisory Liability

Plaintiff is advised that he may not hold the Fresno County Sheriff or any other entity liable for the conduct of subordinates. Ashcroft v. Iqbal, 556 U.S. 662, 673 (2009). Since a government official cannot be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the official has violated the Constitution through his own individual actions. Id. at 673. In other words, to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives another of a constitutional right, where that person "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made." Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007)(quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or should reasonably know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44). Plaintiff has failed to do so here. Plaintiff names as a defendant "Jail Medical Staff," but fails to identify any individual defendant. The complaint must therefore be dismissed. Plaintiff will, however, be granted leave to file an amended complaint.

Plaintiff need not, however, set forth legal arguments in support of his claims. In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law. Plaintiff should state clearly, in his own words, what happened.

Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff. Plaintiff has failed to do so here.

**III.    Conclusion**

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic v. Twombly, 550 U.S. 544, 554 (2007)(citations omitted).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete and in and of itself without reference to the prior or superseded pleading." Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)).

Accordingly, IT IS HEREBY ORDERED that:

1.    Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2.    The Clerk's Office shall send to Plaintiff a complaint form;

3.    Within **thirty** days from the date of service of this order, Plaintiff shall file an amended complaint;

      4.      Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

      5.      If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismiss, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

    Dated:   **March 12, 2015**                      **/s/ Gary S. Austin**
                                                         UNITED STATES MAGISTRATE JUDGE